ALBANY,
Sept. 1831.
~~~
Tillepaugh
v.
Braithwaite.

---

### TILLEPAUGH *vs.* BRAITHWAITE, impleaded, &c.

On the return of a *writ of inquiry*, a rule for judgment *nisi* must be entered, and judgment cannot be signed until the expiration of the rule.

September 7.      RULE for judgment on inquiry. A *writ of inquiry* of damages and the inquisition thereon were filed, and rule for judgment entered on the 15th July, and on *the same day* the judgment was signed, and judgment roll filed, and the execution issued. A motion was made to set aside the entry of the judgment and execution, for irregularity.

*J. L. Wendell,* for the defendant.

*L. Beardsley,* for the plaintiff.

ALBANY,
Sept. 1831.

Tillepaugh
v
Braithwaite.

*By the Court,* SUTHERLAND, J. The rule for judgment on the filing of an inquisition taken under a writ of inquiry, is *a four day rule,* unless the court rises before the expiration of the four days. The books of practice are uniform in laying down the rule that on the return of a writ of inquiry the plaintiff must enter a rule for judgment *nisi causa,* which expires four days exclusive of the day it is entered, and on the expiration of the rule, if no cause be shewn, the party may proceed and *sign* judgment. 2 *Tidd,* 813, 841. 1 *Sellon,* 479. 1 *Archbold's Pr.* ch. 4, § 2. 2 *id.* ch. 4, § 1. 1 *Salk.* 77, 399. 3 *id.* 212, 215. 13 *East,* 21. The common practice, it is believed, has been otherwise, but it has never been sanctioned by the court, and the objection now being taken, it must prevail. The motion is granted.*

* Is a rule *nisi* necessary, on filing a clerk's report on *assessment of damages?* Practising attornies differ on this point, at least the practice of many, of late years, varies from that formerly pursued by correct practitioners. In England, in cases of *reference to the master,* which is analogous to our assessment of damages by the clerk, it is said that the master, on receiving the rule of reference, computes the sum due to the plaintiff, taxes the costs, and signs judgment, 2 *Archbold's Pr.* ch. 4, § 2; from which it would seem that a rule for judgment *nisi* in such case is not entered; and as the King's Bench will not make an order of reference except when the computation of damages is a mere matter of calculation, there would seem to be no need of a rule *nisi;* but although with us similar cases only can be referred to the clerk, our statute contemplates that the parties, *after the assessment,* shall have *a day in court;* either party may except to the report of the clerk, and on such exception being made, the court shall hear and examine the matter, and cause justice to be done between the parties, 2 *R. S.* 357, § 7: and such has long been the statute law of the state. *Statutes, Kent and Radcliff's rev.* 1, 354. *Van Ness and Woodworth's rev.* 1, 522, § 15. This *day in court,* after interlocutory judgment, a defendant has in the *King's Bench,* as, according to the practice of that court, the rule of reference is a rule *nisi.* We have no such practice; the rule for assessment is a rule of course, after the default is duly entered and four days in term have intervened.